SHAUN KHOJAYAN (#197690)
LAW OFFICES OF SHAUN KHOJAYAN
 & ASSOCIATES, P.L.C.
121 Broadway, Suite 338
San Diego, CA  92101
Telephone:     (619) 338-9110
Facsimile:     (619) 338-9112
Email: shaun@khojayan.com

Attorney for Defendant Matthew Alexander Smith

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW ALEXANDER SMITH,<br><br>　　　　　Defendant. | Case No.: 08CR2716-H<br><br>MOTIONS TO:<br><br>1) COMPEL DISCOVERY;<br>2) SUPPRESS STATEMENTS; AND<br>3) GRANT LEAVE TO FILE FURTHER MOTIONS.<br><br>Date: September 29, 2008<br>Time: 2:00 p.m. |

　　TO:　　KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
　　　　　　LUELLA MENDOZA CALDITO, ASSISTANT UNITED STATES
　　　　　　ATTORNEY:

　　PLEASE TAKE NOTICE that on September 29, 2008 at 2:00 p.m. or as soon thereafter as counsel may be heard, the defendant, Matthew Alexander Smtih, by and through his counsel, Shaun Khojayan will ask the Court to enter an order granting the following motions.

///

///

///

- 1 –

08CR2716-H

**I.**

**STATEMENT OF FACTS**

The following statement of facts has been complied from information provided in the discovery from the government. Mr. Smith does not adopt these facts as his own, and reserves the right to take a contrary position at motions or trial.

Defendant Matthew Alexander Smith has been charged in an indictment charging Bringing in Illegal Aliens for Financial Gain, 8 U.S.C. §1324 (a)(2)(B)(ii), Aiding and Abetting, 18 U.S.C. §2, Bringing in Illegal Aliens without Presentation, 8 U.S.C. §1324 (a)(2)(B) (iii), Misuse of Passport, 18 U.S.C. §1544 and Use of a False Means of Identification, 18 U.S.C. §1028 (a)(7) and (b)(1)(A)(I). The government's discovery alleges Mr. Smith made statements in response to government questioning.

**II.**

**MOTION TO COMPEL DISCOVERY**

Mr. Smith moves for the production by the government of the following discovery and for the preservation of evidence. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any government agency. *See generally Kyles v. Whitley*, 514 U.S. 419 (1995); *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989).

(1) The Defendant's Statements. The government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that

- 2 –

the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) Arrest Reports, Notes and Dispatch Tapes.  The defendant also specifically requests the government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning.  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained.  Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963).  The government must produce arrest reports, investigator's notes, memos from arresting Agents, dispatch and other tapes, sworn statements, and prosecution reports pertaining to the defendant and his arrest.  *See* Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I).

(3) *Brady* Material.  The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case.  Under *Brady*, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused.  *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976).

(4) Any Information That May Result in a Lower Sentence Under The Guidelines.  The government must produce this information under *Brady v. Maryland*, 373 U.S. 83 (1963).  This request includes any cooperation or attempted cooperation by the defendant as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines.  The defendant also requests any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, and information relevant to any other application of the Guidelines.

(5) The Defendant's Prior Record.  The defendant requests disclosure of his prior record. Fed. R. Crim. P. 16(a)(1)(B).

(6) Any Proposed 404(b) Evidence. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in

advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests such notice sufficiently in advance of trial in order to give the defense time to adequately investigate and prepare for trial.

(7) Evidence Seized. The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(C).

(8) Request for Preservation of Evidence. The defendant specifically requests the preservation of all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, the results of any fingerprint analysis, the defendant's personal effects, the vehicle, and any evidence seized from the defendant or any third party.

(9) Tangible Objects. The defendant requests the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case in chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(C).

(10) Expert Witnesses. The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(E).

(11) Evidence of Bias or Motive to Lie. The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or his testimony.

(12) Impeachment Evidence. The defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613; *Brady v. Maryland*. In addition, Mr. Macias-Encinas requests that the Assistant United States Attorney assigned to this case oversee a review of all personnel files of each agent involved in the present case for impeachment material. *Kyles v. Whitley*, 115 S. Ct. 1555 (1995); *United States*

- 4 –

*v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); *but see United States v. Herring*, 83 F.3d 1120 (9th Cir. 1996).

(13) Evidence of Criminal Investigation of Any Government Witness. The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

(14) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling. The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

(15) Witness Addresses. The defendant requests the name and last known address of each prospective government witness. The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness.

(16) Name of Witnesses Favorable to the Defendant. The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged.

(17) Statements Relevant to the Defense. The defendant requests disclosure of any statement relevant to any possible defense or contention that he might assert.

(18) Jencks Act Material. The defendant requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963). In *United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

(19) *Giglio* Information. Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

(20) Agreements Between the Government and Witnesses. The defendant requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and the government (federal, state and/or local). This request also includes any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed.

(21) Informants and Cooperating Witnesses. The defendant requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Macias-Encinas. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. *Roviaro v. United States*, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.

(22) Bias by Informants or Cooperating Witnesses. The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness. *Giglio v. United States*, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

(23) Residual Request. Mr. Macias-Encinas intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Macias-Encinas requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

### III.

### MOTION TO SUPPRESS STATEMENTS

The Supreme Court has determined that a person must be advised of his Miranda rights if, and when, he is "subjected to restraints comparable to those of a formal arrest." *Berkemer v. McCarty,* 468 U.S. 420 (1984). "[A] host of factors must be considered in order to determine whether the suspect's freedom of action is curtailed to a degree associated with formal arrest.'" *Berkemer*, 468 U.S. 420. Among the factors to be considered are whether the suspect was questioned in familiar or at least neutral surroundings, the number of law enforcement Agents present at the scene, the degree of physical restraint placed upon the suspect, and the duration and character of the interrogation. *Streifel,* 781 F.2d at 961 n.13 (quoting 1 W. Lafave & J. Israel, Criminal Procedure § 6.6, at 494-99 (1984). Blocking a vehicle's ability to exit is also relevant to the inquiry. *Streifel*, 781 F.2d at 962 n.15.

In the instant case, the detention of Mr. Smith had all the hallmarks of an arrest. Prior to any questioning, Mr. Smith should have been advised of his Miranda rights, and as a result of the Agents' failure to do so, any statements or evidence obtained thereafter must be suppressed.

### IV.

### MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Defense counsel has received limited discovery in this case. As information comes to light, due to the government providing additional discovery in response to these motions or an order of this Court, the defense may find it necessary to file further motions. It is, therefore, requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

*///*

*///*

- 7 –

08CR2716-H

**V.**

**CONCLUSION**

For the foregoing reasons, Mr. Smith respectfully requests that this Court grant these motions.

Respectfully submitted,

Dated: 9/8/08

LAW OFFICES OF SHAUN KHOJAYAN
& ASSOCIATES, P.L.C.

 s/ Shaun Khojayan_____
SHAUN KHOJAYAN
Attorney for Defendant Smith
Email: shaun@khojayan.com

# CERTIFICATE OF SERVICE

Counsel for Defendant certifies that the foregoing pleading is true and accurate and that a copy of the foregoing document has been served this day upon:

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

    **Shaun Khojayan**
    shaun@khojayan.com hashen@khojayan.com

    **Luella Mendoza Caldito**
    Luella.Caldito@usdoj.gov

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 8, 2008                                   *s/ Shaun Khojayan*_____
                                                                                 Shaun Khojayan, Declarant